■ In the Matter of HELEN BAJARDI, Respondent, v. GIMBEL'S WESTCHESTER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals by the employer and its insurance carrier from decisions of the Workmen's Compensation Board, filed December 26, 1972 and August 16, 1973, which determined that claimant had suffered a compensable injury as a result of an industrial accident. Claimant worked as a waitress in a restaurant operated by her employer in Yonkers, New York. She testified that, while working at the restaurant in February of 1969, she slipped on some ice cream that had been spilled on the floor and, as a result, injured her back. Initially, she thought nothing of the incident, but about a week later, when she began to experience increasing back discomfort, she consulted Dr. Eugene De Angelis, her family physician. He diagnosed her condition as myositis, an inflammatory condition of the muscles which produces spasms of the chest and back, and treated her for a time with spasm pills. Her difficulties persisted, however, and finally she consulted Dr. Nicholas Di Palma, a neurosurgeon, on May 22, 1969. On that date her condition was first diagnosed as a ruptured disc and was causally related to her slipping episode in February, and corrective surgery was subsequently performed by Dr. Di Palma and Dr. F. vom Saal. Thereafter, this claim was instituted and, as noted above, the board determined that claimant was eligible for benefits. On this appeal, the first question presented is whether there was substantial evidence to support the board's determination that claimant suffered an accidental injury in the course of her employment, and we find that there was. Both claimant's testimony and the employer's report of injury (cf. *Matter of Guggenheim* v. *Hedke & Co.*, 32 A D 2d 1017, affd. 27 N Y 2d 596) describe the slipping incident as the source of the back problem, and this evidence is buttressed by the medical opinions of Drs. vom Saal and Di Palma. In view of such substantial support, we will not disturb the finding of the board (cf. *Matter of Moore* v. *Snyder*, 15 A D 2d 838). The remaining question to be decided is whether claimant gave her employer adequate notice of her injury as required by section 18 of the Workmen's Compensation Law. While the normal requirement of notice within 30 days of the accident was not fulfilled here, it is, nevertheless, clear that the employer was notified of the injury within 30 days of May 22, 1969, the day upon which it was first correctly diagnosed and claimant realized its seriousness and its causal relation to the February incident, rather than to a previous unrelated condition which claimant and her doctor originally believed to be the source of her complaint. Accordingly, the board was justified in excusing the late notice because of the lack of knowledge of the extent of the injury until long after the accident (*Matter of Buchanan* v. *Deposit Cent. School*, 7 A D 2d 683). Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.